FILED

2007 OCT 15  PM 12: 09

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ ala _____ DEPUTY

1   GIBSON, DUNN & CRUTCHER LLP
    ETHAN D. DETTMER, SBN 196046
2   EDettmer@gibsondunn.com
    REBECCA JUSTICE LAZARUS, SBN 227330
3   RJustice@gibsondunn.com
    One Montgomery Street
4   San Francisco, California 94104
    Telephone: (415) 393-8200
5   Facsimile: (415) 986-5309
6   Attorneys for Respondent
    FINANCIAL INDUSTRY REGULATORY
7   AUTHORITY, INC. ("FINRA")

**BY FAX**

8

9

10

11              UNITED STATES DISTRICT COURT

12          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13                                '07 **CV 1 9 8 6**    **JLS  CAB**

14  PHILIPPE A. ROUSSEAUX,          CASE NO.

15              Petitioner,         **NOTICE OF REMOVAL OF ACTION
                                    UNDER 28 U.S.C. § 1441 (FEDERAL
16      v.                          QUESTION)**

17  FINANCIAL INDUSTRY REGULATORY   [Superior Court in and for the County of San
    AUTHORITY, INC.,                Diego, Case No. 37-2007-00076086-CL-PT-
18                                  CTL]
                Respondent.
19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND

TO PETITIONER PHILIPPE A. ROUSSEAUX AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441, respondent Financial Industry Regulatory Authority, Inc. ("FINRA")[1] hereby removes to the United States District Court for the Southern District of California, the state court action described below.  Removal is based on the following grounds:

1.     On October 2, 2007, petitioner Philippe Rousseaux commenced an action via a petition for a court order of expungement in the Superior Court of the State of California in and for the County of San Diego, against FINRA.  A true and correct copy of Mr. Rousseaux's Petition is attached hereto as Exhibit A.

2.     FINRA received a copy of this Claim on October 4, 2007.  This Notice of Removal is filed within thirty (30) days after the receipt by FINRA of the Petition as required pursuant to 28 U.S.C. § 1446(b).

## JURISDICTION

3.     This is a civil action of which this court has original jurisdiction under 15 U.S.C. § 78aa, and is one which may be removed to this court by Defendants under 28 U.S.C. § 1441(a), because the claims arise out of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78a *et seq.*, and rules and regulations promulgated thereunder. *Sparta Surgical Corporation v. NASD*, 159 F.3d 1209, 1212 (9th Cir. 1998).

4.     FINRA is a self-regulatory organization registered with the Securities and Exchange Commission as a national securities association pursuant to the Maloney Act amendments to the Exchange Act, 15 U.S.C. § 78o-3, *et seq.*  Mr. Rousseaux's Petition states, in relevant part, that it is

---

[1] On July 30, 2007, National Association of Securities Dealers, Inc. changed its name to Financial Industry Regulatory Authority, Inc.

Gibson, Dunn & Crutcher LLP

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441

based on the allegation that "NASD Rule 2130 allows members or associated persons to seek an order from a court of competent jurisdiction for expungement of customer dispute information contained in FINRA's Central Registration Depository System." Petition at 1. But FINRA's rules are, with exceptions not relevant here, filed with the Securities and Exchange Commission by FINRA pursuant to the provisions of Section 19(b)(1) of the Exchange Act, and specifically reviewed and approved by the SEC after notice and comment as required by the Exchange Act. *Credit Suisse First Boston v. Grunwald*, 400 F.3d 1119, 1130 (9th Cir. 2005). Mr. Rousseaux's Petition is therefore based on FINRA's rules promulgated under the Exchange Act.

5.     The Exchange Act provides exclusive jurisdiction in the district courts of the United States for "violations of [the Exchange Act] or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by [the Exchange Act] or the rules and regulations thereunder." 15 U.S.C. § 78aa; *see Sparta*, 159 F.3d at 1211-1213. The duty Mr. Rousseaux attempts to invoke and enforce in his Petition – FINRA's maintenance or expungement of its broker records – is created by these rules. Thus, because Mr. Rousseaux's Petition is expressly and necessarily based on a question of the proper interpretation of the NASD rules – which consist of rules and regulations promulgated under the Exchange Act – jurisdiction is proper in this Court.

## INTRADISTRICT ASSIGNMENT

6.     FINRA hereby complies with 28 U.S.C. § 1446(a) by attaching hereto as Exhibit A all process, pleadings, and orders received in the state court action.

7.     FINRA will promptly give written notice of this Notice to petitioner and will file a copy of this notice with the clerk of the San Diego County Superior Court, as required by 28 U.S.C. § 1446(d).

Gibson, Dunn &
Crutcher LLP

3

1    WHEREFORE, FINRA removes the original action brought by petitioner now pending in the

2    Superior Court in and for the County of San Diego from that state court to this Court.

3

4    DATED:  October 15, 2007                    GIBSON, DUNN & CRUTCHER LLP

5

6                                                By:_____

7                                                         Ethan D. Dettmer

8                                                Attorneys for
                                                 Financial Industry Regulatory Authority, Inc.

9

10   100316429_1.DOC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

4

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441

# EXHIBIT A

1 | Erwin J. Shustak (CSB 119152)
Arian A. Baryalai (CSB 242085)
2 | SHUSTAK & PARTNERS, P.C.
401 West "A" Street, Suite 2330
3 | San Diego, CA 92101
Telephone: (619) 696-9500
4 | Facsimile: (619) 615-5290

5 | Attorneys for Petitioner
PHILIPPE A. ROUSSEAUX
6

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF SAN DIEGO

10

| PHILIPPE A. ROUSSEAUX, | ) Case No. 37-2007-00076086-CL-PT-CTL |
| 11 | ) |
| | Petitioner, ) |
| 12 | ) PETITION FOR COURT ORDER OF |
| | vs. ) EXPUNGEMENT OF FINRA CENTRAL |
| 13 | ) REGISTRATION DEPOSITORY |
| | ) INFORMATION |
| 14 | FINANCIAL INDUSTRY REGULATORY ) |
| | AUTHORITY, INC., ) LIMITED CIVIL CASE |
| 15 | ) (UNDER $10,000) |
| | Respondent. ) |
| 16 | ) |

17

18     Philippe A. Rousseaux ("*Petitioner*"), by and through his counsel, Shustak & Partners,

19 submits this Petition for Court Order of Expungement of FINRA Central Registration Depository

20 Information against Respondent, Financial Industry Regulatory Authority, Inc. (hereinafter

"*FINRA*") and states as follows:

21 | I.   **Background Information**

22     NASD Rule 2130 allows members or associated persons to seek an order from a court of

23 competent jurisdiction for expungement of customer dispute information contained in FINRA's

24 Central Registration Depository System. Under NASD Rule 2130, Petitioner requests that this

25 court of competent jurisdiction order the expungement of the customer complaint set forth below.

26     FINRA maintains records of persons registered with its member firms by an electronic

27 system called the Central Registration Depository ("*CRD*"). The Uniform Application for Securities

28

1   Industry Registration or Transfer (hereinafter, "*Form U-4*") is the document by which a registered

2   person discloses certain information about his or her employment and disciplinary history to be kept

3   in the CRD. Such disclosures are found as responses to Questions 14A-14M on the revised Form

4   U-4 (10-2005). The disclosures appear on FINRA's Public Disclosure Program in the form of the

5   FINRA Broker Check Report, as well as on the CRD system Form U-4.

6        Petitioner Philippe A. Rousscaux seeks a Court order expunging from his CRD record a

7   customer complaint making false allegations against him. The complaint was investigated by his

8   former employer, MetLife Securities, Inc. (hereinafter "*MetLife*") and found to be without merit.

9   (See BrokerCheck Report for Petitioner attached as Exhibit "A"). The customer has not

10  commenced an arbitration against Petitioner or MetLife and no monies were paid to this customer

11  by Petitioner or MetLife arising out of this complaint. Petitioner seeks to have the complaint

12  expunged from his CRD records so that neither the general public, nor the investment and

13  brokerage community will be able to access this groundless complaint. The existence of this

14  unfounded customer complaint in Petitioner's CRD record has hindered and diminished his ability

15  to obtain employment in the securities industry.

**II.   Court Authority to Expunge CRD Record**

16        NASD Rule 2130, attached hereto as Exhibit "B", governs the expungement of customer

17  complaints from FINRA's CRD system. The pertinent portion of Rule 2130 specifies:

18        "Members or associated persons seeking to expunge information from the CRD
         system arising from disputes with customers must obtain an order from a court of
19        competent jurisdiction directing such expungement . . ." *(NASD Rule 2130 (a) and
         (NASD Notice to Members 99-09)*

20        Therefore, this Court, rather than a FINRA forum, is the proper venue for Petitioner to

21  obtain an order expunging the customer complaint discussed below from his Form U-4.

22        Petitioner respectfully requests this Court order expungement of this complaint pursuant to

23  the facts, circumstances and its authority as set forth below.

**III.   The Customer Complaint by Stan Harrell dated July 18, 2007**

24        In a letter dated June 29, 2007, one of Petitioner's former customers, Mr. Stanley Harrell,

25  complained to MetLife that Petitioner failed to disclose the surrender charges and fees associated

26  with the variable annuity Mr. Harrell purchased and that Petitioner misrepresented the protection

27  benefits and costs related to the rider purchased with the annuity. A copy of that letter, and the

28

1   follow up letters from MetLife are attached as Exhibit "C". This letter resulted in a customer

2   complaint being recorded in FINRA's CRD records with a Date Complaint Received indicated on

3   the BrokerCheck of July 18, 2007. Exhibit A at 8-9.

4        At the time, Petitioner was no longer employed by MetLife, but the firm conducted its own

5   investigation and denied the complaint, on July 24, 2007. *Id.* In a letter dated July 24, 2007,

6   MetLife informed Mr. Harrell that a thorough review of his concerns and contract records revealed

7   that he signed a disclosure form acknowledging receipt of the appropriate prospectus for the

8   variable annuity he purchased which included an explanation of the withdrawal charges. Ex. C. In

9   addition, Mr. Harrell was also provided a prospectus for the rider purchased with the annuity which

10   included detailed information regarding the surrender charges as well as other relevant facts

    regarding the rider. *Id.*

11        The results of MetLife's investigation render the allegations made by Mr. Harrell in his

12   complaint against Petitioner false and without any basis in fact. The customer complaint should

13   therefore be expunged from Petitioner's records as maintained by FINRA.

14   **IV.**   **Request for Relief**

15        WHEREFORE, Petitioner Philippe A. Rousseaux asks that this Court issue an Order

16   directing that FINRA's CRD records be expunged of the customer complaint made against

17   Petitioner by Stanley Harrell on July 18, 2007.

18   DATED: October 2, 2007            Submitted by,

19

20                          SHUSTAK & PARTNERS, P.C.
                        ERWIN J. SHUSTAK

21                          ARIAN A. BARYALAI

22                                   ARIAN A. BARYALAI

23                         401 West "A" Street, Suite 2330

24                         San Diego, CA 92101
                        Telephone: (619) 696-9500

25                         Facsimile: (619) 615-5290

26                         Attorneys for Petitioner

27

28

# Exhibit A

**BrokerCheck Report**

**PHILIPPE ALAIN ROUSSEAUX JR**

CRD# 2870996

Report #40647-58670 generated on Wednesday, August 15, 2007.

| Section Title | Page(s) |
|---|---|
| Report Summary | 1 |
| Broker Qualifications | 2 - 3 |
| Registration and Employment History | 4 - 5 |
| Disclosure of Customer Disputes, Disciplinary, and Regulatory Events | 6 - 10 |
| About this BrokerCheck Report | 11 |

FINra

**Dear Investor:**

FINRA has generated the following BrokerCheck report for PHILIPPE A. ROUSSEAUX JR. The information contained within this report has been provided by a FINRA brokerage firm(s) and securities regulators as part of the securities industry's registration and licensing process and represents the most current information reported to the Central Registration Depository (CRD®).

FINRA regulates securities markets for the ultimate benefit and protection of the investor. FINRA believes the general public should have access to information that will help them determine whether to conduct, or continue to conduct, business with a FINRA member. To that end, FINRA has adopted a public disclosure policy to make certain types of information available to you. Examples of information FINRA provides include:

- regulatory actions, investment-related civil suits, customer disputes that contain allegations of sales practice violations against brokers, all felony charges and convictions, misdemeanor charges and convictions relating to securities violations, and financial events such as bankruptcies, compromises with creditors, judgments, and liens.

When evaluating this report, please keep in mind that it may include items that involve pending actions or allegations that may be contested and have not been resolved or proven. Such items may, in the end, be withdrawn or dismissed, or resolved in favor of the individual broker, or concluded through a negotiated settlement with no admission or finding of wrongdoing.

The information in this report is not the only resource you should consult. FINRA recommends that you learn as much as possible about the individual broker or firm from other sources, such as professional references, local consumer and investment groups, or friends and family members who already have established investment business relationships.

 FINRA

FINRA BrokerCheck is governed by federal law, Securities and Exchange Commission (SEC) regulations and FINRA rules approved by the SEC, State disclosure programs are governed by state law, and may provide additional information on brokers licensed by the state. Therefore, you should also consider requesting information from your state securities regulator. Refer to www.nasaa.org for a complete list of state securities regulators.

Thank you for using FINRA BrokerCheck.

 Using this site/information means that you accept the FINRA BrokerCheck Terms and Conditions. A complete list of Terms and Conditions can be found at brokercheck.finra.org

 For additional information about the contents of this report, please refer to the User Guidance or www.finra.org/brokercheck. It provides a glossary of terms and a list of frequently asked questions as well as additional resources. For more information about FINRA, visit www.finra.org.

©2007 FINRA. All rights reserved.   Report # 4d34-38670 generated on Wednesday, August 15, 2007 about PHILIPPE A. ROUSSEAUX JR

www.finra.org/brokercheck

# FINRA

**User Guidance**

## Report Summary for this Broker

The report summary provides an overview of the broker's professional background and conduct. The individual broker, a FINRA-registered firm(s), and/or securities regulator(s) have provided the information contained in this report as part of the securities industry's registration and licensing process. The information contained in this report was last updated by either the broker, a previous employing brokerage firm, or a securities regulator on 07/26/2007.

## PHILIPPE A. ROUSSEAUX JR

CRD# 2870996

**Currently employed by and registered with the following FINRA firms:**

H. BECK, INC.
11140 ROCKVILLE PIKE
SUITE 400
ROCKVILLE, MD 20852
CRD# 1763
Registered since: 04/2005

### Broker Qualifications

This broker is registered with:

- 1 Self-Regulatory Organization
- 7 U.S. states and territories

Is this broker currently suspended or inactive with any regulator? No.

This broker has passed:
- 0 Principal/Supervisory Exams
- 1 General Industry/Product Exam
- 2 State Securities Law Exams

### Registration and Employment History

This broker was previously registered with the following FINRA firms:

USALLIANZ SECURITIES, INC.
CRD# 40875
MINNEAPOLIS, MN
11/2004 - 03/2005

METLIFE SECURITIES INC.
CRD# 14251
NEW YORK, NY
01/2003 - 11/2004

METROPOLITAN LIFE INSURANCE COMPANY
CRD# 4095
NEW YORK, NY
01/2003 - 11/2004

For additional registration and employment history details as reported by the broker, refer to the Registration and Employment History section of this report.

### Disclosure of Customer Disputes, Disciplinary, and Regulatory Events

This section includes details regarding disclosure events reported by or about this broker to CRD as part of the securities industry registration and licensing process. Examples of such disclosure events include formal investigations and disciplinary actions initiated by regulators, customer disputes, certain criminal charges and/or convictions, as well as financial disclosures, such as bankruptcies and unpaid judgments or liens.

Are there events disclosed about this broker? Yes

The following types of disclosures were reported:

Customer Dispute
Termination

www.finra.org/brokercheck

## Broker Qualifications

### Registrations

This section provides the SROs, states and U.S. territories the broker is currently registered and licensed with, the category of each registration, and the date on which the registration status became effective.

This individual is currently registered with 1 SRO and is licensed in 7 U.S. states and territories through his or her employer.

### Employment 1 of 1

Firm Name: H. BECK, INC.

Firm Location: ROCKVILLE, MD

Firm CRD#: 1763

| SRO | Category | Status | Date |
|---|---|---|---|
| NASD | General Securities Representative | APPROVED | 04/27/2005 |

| U.S. State/ Territory | Category | Status | Date |
|---|---|---|---|
| Connecticut | Agent | APPROVED | 04/19/2006 |
| Florida | Agent | APPROVED | 09/27/2005 |
| Maryland | Agent | APPROVED | 04/27/2005 |
| New York | Agent | APPROVED | 10/03/2006 |
| North Carolina | Agent | APPROVED | 10/18/2006 |
| Pennsylvania | Agent | APPROVED | 04/27/2005 |
| Virginia | Agent | APPROVED | 04/27/2005 |

©2007 FINRA. All rights reserved.   Report 40541-54670 generated on Wednesday, August 15, 2007 about PHILIPPE A ROUSSEAUX JR

FINRA

User Guidance

Aug 15 2007 14:45PM HP LASERJET FAX

P.7

www.finra.org/brokercheck

**FINRA**

User Guidance

## Broker Qualifications

### Industry Exams this Broker has Passed

This section includes all current principal/supervisory, general product/industry, and/or state securities law exams that the broker has passed. Under certain, limited circumstances, a broker may receive a waiver of an exam requirement based on a combination of previous exams passed and qualifying work experience. Likewise, a new exam requirement may be grandfathered based on a broker's specific qualifying work experience. Information regarding instances of exam waivers or the grandfathering of an exam requirement are not included as part of the BrokerCheck report.

This individual has passed 0 principal/supervisory exams, 1 general industry/product exam, and 2 state securities law exams.

### Principal/Supervisory Exams

| Exam | Category | Date |
|------|----------|------|
| No information reported. | | |

### General Industry/Product Exams

| Exam | Category | Date |
|------|----------|------|
| General Securities Representative Examination | Series 7 | 04/16/1998 |

### State Securities Law Exams

| Exam | Category | Date |
|------|----------|------|
| Uniform Securities Agent State Law Examination | Series 63 | 04/24/1998 |
| Uniform Investment Adviser Law Examination | Series 65 | 03/17/2006 |

Additional information about the securities industry's qualifications and continuing education requirements, as well as the examinations administered by FINRA to brokers and other securities professionals can be found at http://www.finra.org/brokerqualifications/.

©2007 FINRA. All rights reserved. Report# 40347-50070 generated on Wednesday, August 15, 2007 about PHILIPPE A. ROUSSEAUX, JR

3

www.finra.org/brokercheck

FINRA

Visit Guidance

# Registration and Employment History

## Previously Registered with the Following FINRA Firms

FINRA records show this broker previously held FINRA registrations with the following firms. (Note: Because of constraints surrounding data conversion when FINRA transitioned to Web CRD in August 1999, certain registrations (those not part of a person's 10-year history at the time of conversion) will not appear here.)

| Registration Dates | Firm Name | CRD# | Firm Location |
|---|---|---|---|
| 11/2004 - 03/2005 | USALLIANZ SECURITIES, INC. | 40875 | MINNEAPOLIS, MN |
| 01/2003 - 11/2004 | METLIFE SECURITIES INC. | 14251 | NEW YORK, NY |
| 01/2003 - 11/2004 | METROPOLITAN LIFE INSURANCE COMPANY | 4095 | NEW YORK, NY |
| 11/2001 - 10/2002 | FIDELITY BROKERAGE SERVICES LLC | 7784 | BOSTON, MA |
| 08/2001 - 10/2001 | MORGAN STANLEY DW INC. | 7556 | PURCHASE, NY |
| 10/1999 - 03/2000 | CHARLES SCHWAB & CO., INC. | 5393 | SAN FRANCISCO, CA |
| 04/1999 - 10/1998 | WHEAT FIRST SECURITIES, INC. | 6124 | CHARLOTTE, NC |

## Employment History

This section provides up to 10 years of a broker's employment history as reported by the individual broker, and includes all securities and non-securities related employment, full and part time work, self-employment, military service, unemployment, and full-time education. Please note that this information is not updated after an individual ceases to be registered with a FINRA firm.

| Employment Dates | Employer Name | Employer Location |
|---|---|---|
| 04/2005 - Present | H. BECK, INC. | ROCKVILLE, MD |
| 11/2004 - 04/2005 | USALLIANZ SECURITIES INC | MINNEAPOLIS, MN |
| 01/2003 - 11/2004 | METLIFE SECURITIES INC | LINTHICUM, MD |
| 01/2003 - 11/2004 | METROPOLITAN LIFE INSURANCE CO | LINTHICUM, MD |
| 10/2002 - 01/2003 | UNEMPLOYED | BALTIMORE, MD |
| 08/2001 - 10/2002 | FIDELITY INVESTMENTS | TOWSON, MD |
| 08/2001 - 08/2001 | MORGAN STANLEY DW INC | ANNAPOLIS, MD |
| 06/2001 - 08/2001 | UNEMPLOYED | TOWSON MD |
| 01/2000 - 06/2001 | HORAN & ASSOCIATES | TOWSON, MD |
| 09/1998 - 01/2000 | CHARLES SCHWAB & CO., INC. | TOWSON, MD |

©2007 FINRA. All rights reserved. Report #0247-50070 generated on Wednesday, August 15, 2007 about Phil IPYE A. ROUSSEAUX JR

www.finra.org/brokercheck

# Registration and Employment History

## Employment History, continued

| Employment Dates | Employer Name | Employer Location |
|---|---|---|
| 02/1998 - 08/1998 | WHEAT, FIRST SECURITIES, INC. | HUNT VALLEY, MD |
| 05/1997 - 02/1998 | SMITH BARNEY | BALTIMORE, MD |
| 09/1994 - 01/1998 | TOWSON UNIVERSITY | TOWSON, MD |

## Affiliations

This section includes information if any, as provided by the broker regarding other business activities the broker is currently engaged in either as a proprietor, partner, officer, director, employee, trustee, agent or otherwise. This section does not include non-investment-related activity that is exclusively charitable, civic, religious or fraternal and is recognized as tax exempt.

---

INSURANCE ACTIVITIES: FIXED LIFE, DISABILITY, HEALTH, FIXED ANNUITIES, LONG-TERM, PRESIDENT EVEREST FINANCIAL SERVICES.

---

©2007 FINRA. All rights reserved.    Report 41547-58670 generated on Wednesday, August 16, 2007 about PHILIPPE A. ROUSSEAUX, JR.

FINRA
User Guidance

www.finra.org/brokercheck



User Guidance

**FINRA**

## Disclosure of Customer Disputes, Disciplinary, and Regulatory Events

### What you should know and/or consider regarding any reported disclosure events:

- Before reaching a conclusion regarding any of the reported disclosure information contained in your BrokerCheck report, you should ask the broker to clarify the specific event(s) listed, or to provide a response to any questions you may have.

- *Pending* actions involve unproven and/or unsubstantiated allegations.

### Disclosures in BrokerCheck reports come from different sources:

- Self-disclosure: Brokers are required to answer a series of questions on their application requesting securities industry registration (commonly referred to as 'Form U4'). For example, brokers are asked whether they have been involved in certain regulatory, civil, criminal and financial matters (e.g., bankruptcy), or been the subject of a customer dispute.

- Regulator/Employer postings: In addition, regulators and firms that have employed a broker also may contribute relevant information about such matters. All of this information is maintained in the CRD system.

### Certain thresholds must be met before an event is reported to the CRD, for example:

- A law enforcement agency must file formal charges before a broker is required to report a particular criminal event.

- Likewise, a regulatory agency must meet established standards before initiating a regulatory action and/or issuing sanctions. These standards typically include a reasonable basis for initiating the action after engaging in a fact-finding process.

### In order for a *customer* dispute to be reported to the CRD, a *customer* must:

- Allege that their broker engaged in activity that violates certain rules or conduct governing the industry, and
- Claim damages of $5,000 or more as a result of that activity.

(Note: customer disputes may be more subjective in nature than a criminal or regulatory action)

Certain customer disputes contained in your BrokerCheck report may no longer be required to be reported by the broker on Form U4.

- Generally, (these will be written complaints that were initiated more than two years ago. Once an event is not required to be reported, a broker has no obligation to update the matter.

### What you should consider when evaluating the status or disposition of a reported disclosure event:

- Disclosure events may be pending, on appeal, or final. *Pending* and 'on appeal' matters reflect allegations that (1) have not been proven or formally adjudicated, or (2) have been adjudicated but are currently being appealed. 'Final matters generally may be: adjudicated, settled or otherwise resolved.

- An *adjudicated* matter includes: a disposition by: (1) a court of law in a criminal or civil matter or (2) an administrative panel in an action brought by a regulator that is contested by the party charged with some alleged wrongdoing.

**Possible multiple reporting sources –
please note:**

- Disclosure event details may be reported by more than one source (i.e., regulator, firm and broker). When this occurs, all versions of the reported event will appear in the individual's BrokerCheck report. The different versions of the same reported disclosure event are separated by a solid line with the reporting source clearly labeled.

©2007 FINRA. All rights reserved.   Report 43347-39670 generated on Wednesday, August 15, 2007 about PHILIPPE A. ROUSSEAUX JR

6

- A settled matter generally represents a disposition wherein parties involved in a dispute reach an agreement that resolves the matter.
(Note: brokers may choose to settle customer disputes or regulatory matters for business or other reasons)
- Customer disputes also may be resolved without any payment to the customer or any finding of wrongdoing on the part of the broker.

| Customer Dispute | Pending | Final | On Appeal |
|---|---|---|---|
| Termination | 0 | 1 | N/A |
| | N/A | 1 | N/A |

©2007 FINRA. All rights reserved.   Report 40547-58070 generated on Wednesday, August 15, 2007 about PHILIPPE A. ROUSSEAUX JR

FINRA

User Guidance

www.finra.org/brokercheck

## Disclosure Event Details

When evaluating this information, please keep in mind that a number of items may involve pending actions or allegations that may be contested and have not been resolved or proven. The items may, in the end, be withdrawn or dismissed, or resolved in favor of the individual broker, or concluded through a negotiated settlement for certain business reasons (e.g., to maintain customer relationships or to limit the litigation costs associated with disputing the allegations) with no admission or finding of wrongdoing.

This report provides the information exactly as it was reported to CRD by the broker, previous employing brokerage firm(s), and/or by securities industry regulators. Some of the specific data fields contained in this section of the report may be blank if the information was not provided to CRD.

## Customer Dispute - Final (no payment to customer)

This section provides details regarding a final, customer dispute as reported by the broker, a previous employing brokerage firm, and/or a securities regulator to CRD. The event may include a final, consumer-initiated, investment-related arbitration proceeding or civil suit that contains allegations of sales practice violations against the broker and did not result in an award for monetary damages in favor of the customer(s), and was closed without action, withdrawn, or denied. It may also include a final, consumer-initiated, investment-related written complaint, which contains either allegations of sales practice violations against the broker and compensatory damages of $5,000 or more, or includes allegations of forgery, theft, or misappropriation or conversion of funds or securities that was closed without action, withdrawn or denied.

**Disclosure 1 of 1**

| | |
|---|---|
| **Reporting Source:** | Firm |
| **Employing firm when activities occurred which led to the complaint:** | METLIFE |
| **Allegations:** | CLIENT ALLEGES THAT MR. ROUSSEAUX FAILED TO DISCLOSE THE SURRENDER CHARGES AND FEES ASSOCIATED WITH THE VARIABLE ANNUITY HE PURCHASED IN SEPTEMBER 2004, AND THAT MR. ROUSSEAUX MISREPRESENTED THE PROTECTION BENEFITS AND COSTS RELATED TO THE RIDER HE PURCHASED WITH THE ANNUITY. |
| **Principal Product Type:** | Annuity(ies) - Variable |
| **Alleged Damages:** | $23,931.00 |

## Customer Complaint Information

| | |
|---|---|
| **Date Complaint Received:** | 07/18/2007 |
| **Complaint Pending?** | No |
| **Status:** | Denied |

©2007 FINRA. All rights reserved. Report# 40347-56070 generated on Wednesday, August 15, 2007 about PHILIPPE A. ROUSSEAUX JR.

www.finra.org/brokercheck

**Status Date:** 07/24/2007

**Settlement Amount:** $

**Individual Contribution Amount:** $

©2007 FINRA. All rights reserved.   Report 40547-58070 generated on Wednesday, August 15, 2007 about PHILIPPE A. ROUSSEAUX JR

**FINRA**

Get Guidance

p.14

www.finra.org/brokercheck

## Employment Separation After Allegations

This section provides information regarding a separation of employment, as reported by the broker and/or a previous employing brokerage firm to CRD. The event may include a separation of employment that resulted in a voluntary resignation, discharge or permitted to resign after allegations were made that accused the broker of violating investment-related statutes, regulations, rules or industry standards of conduct, fraud or the wrongful taking of property, or failure to supervise in connection with investment-related statutes, regulations, rules or industry standards of conduct.

**Disclosure 1 of 1**

| | |
|---|---|
| Reporting Source: | Firm |
| Brokerage Firm Name: | METLIFE |
| Termination Type: | Permitted to Resign |
| Termination Date: | 10/22/2004 |
| Allegations: | MR ROUSSEAUX ATTEMPTED TO REPLACE A METLIFE VARIABLE ANNUITY WITH AN OUTSIDE CARRIER. |
| Principal Product Type: | Annuity(ies) - Variable |
| Other Product Types: | .............................................................. |

| | |
|---|---|
| Reporting Source: | Broker |
| Brokerage Firm Name: | METLIFE |
| Termination Type: | Permitted to Resign |
| Termination Date: | 10/22/2004 |
| Allegations: | MR. ROUSSEAUX ATTEMPTED TO REPLACE A METLIFE VARIABLE ANNUITY WITH A COMPETITOR. |
| Principal Product Type: | Annuity(ies) - Variable |
| Other Product Types: | EQUITY INDEXED ANNUITY. |
| Summary: | THE TRANSACTION IN QUESTION WAS ONE THAT WAS IN THE CLIENTS BEST INTEREST GIVEN THEIR SUITABILITY AND GOALS. THIS REMARK BY METLIFE IS AN ATTEMPT TO HINDER MY ABILITY TO SERVE CLIENTS NEEDS AND DESTROY MY LIVELYHOOD. THE REPLACEMENT WAS WHAT THE CLIENT WANTED. |

©2007 FINRA. All rights reserved. Report# 40547-56470 generated on Wednesday, August 15, 2007 about PHILIPPE A. ROUSSEAUX JR

10




User Guidance

# About this BrokerCheck Report

BrokerCheck reports are part of a FINRA initiative to disclose information about FINRA-registered firms and brokers to help investors determine whether to conduct, or continue to conduct, business with these firms and brokers. The information contained within these reports is collected through the securities industry's registration and licensing process.

## Who provides the information in BrokerCheck?

Information made available through FINRA BrokerCheck is derived from the Central Registration Depository (CRD®) as reported on the industry registration and licensing forms brokerage firms and brokers are required to complete.

The forms used by brokerage firms, Forms BD and BDW, are established by the Securities and Exchange Commission (SEC) and adopted by all state securities regulators and self-regulatory organizations (SROs). FINRA and the North American Securities Administrators Association (NASAA) establish the Forms U4 and U5, the forms that collect broker information. Regulators provide information via Form U6, which is used primarily to report certain history about brokerage firms and brokers. These forms are approved by the SEC.

## How current is the information contained in BrokerCheck?

Brokerage firms and brokers are required to keep this information accurate and up-to-date (updates typically are required not later than 30 days after the broker/brokerage firm learns of an event). The report data is updated when a firm, broker, or regulator submits new or revised information to CRD. Generally, updated information is available on BrokerCheck Monday through Friday.

## What information is NOT disclosed through BrokerCheck?

Information that has not been reported to the CRD system, or that is not required to be reported, is not disclosed through FINRA BrokerCheck. Examples of events that are not required to be reported or are no longer reportable include: judgments and liens originally reported as satisfied and bankruptcy proceedings filed more than 10 years ago. Conversely, certain customer complaint information that is not required to be reported may be disclosed provided certain criteria are met.

Additional information not disclosed through BrokerCheck includes Social Security Numbers, residential history information, and physical description information. On a case-by-case basis, FINRA reserves the right to exclude information that contains confidential customer information, offensive and potentially defamatory language or information that raises significant identity theft or privacy concerns that are not outweighed by investor protection concerns. NASD Interpretive Material 8310-2 describes in detail what information is and is not disclosed through BrokerCheck.

Under FINRA's current public disclosure policy, in certain limited circumstances, most often pursuant to a court order, information is expunged from the CRD system. Further information about expungement from the CRD system is available in NASD Notices to Members 99-09, 99-54, 01-65, and 04-16 at www.finra.org.

For further information regarding FINRA's BrokerCheck program, please visit FINRA's Web Site at www.finra.org/brokercheck or call the FINRA BrokerCheck Hotline at (800) 289-9999. The hotline is open Monday through Friday from 8 a.m. to 8 p.m., Eastern Time (ET).

For more information about the following, select the associated link:

- About BrokerCheck Reports:   http://www.finra.org/brokercheck_reports
- Glossary:   http://www.finra.org/brokercheck_glossary
- Questions Frequently Asked about BrokerCheck Reports:   http://www.finra.org/brokercheck_faq
- Terms and Conditions:   http://brokercheck.finra.org/terms.aspx

©2007 FINRA. All rights reserved.   Report #CH47-58170 generated on Wednesday, August 15, 2007 about PHILIPPE A. ROUSSEAUX JR

**Exhibit B**

FINRA | This section is part of a frameset. This page contains the main content of the fra...   Page 1 of 1

Location: NASD > Manual > Rules of the Association > Conduct Rules (2000-3000) > 2000. Business Conduct > 2100. General Standards > 2130. Obtaining an Order of Expungement of Customer Dispute Information from the Central Registration Depository (CRD System)

<< Previous                                                                                                    Next

## 2130. Obtaining an Order of Expungement of Customer Dispute Information from the Central Registration Depository (CRD System)


NASD Notices to Members (1 link)

(a) Members or associated persons seeking to expunge information from the CRD system arising from disputes with customers must obtain an order from a court of competent jurisdiction directing such expungement or confirming an arbitration award containing expungement relief.

(b) Members or associated persons petitioning a court for expungement relief or seeking judicial confirmation of an arbitration award containing expungement relief must name NASD as an additional party and serve NASD with all appropriate documents unless this requirement is waived pursuant to subparagraph (1) or (2) below:

(1) Upon request, NASD may waive the obligation to name NASD as a party if NASD determines that the expungement relief is based on affirmative judicial or arbitral findings that:

(A) the claim, allegation or information is factually impossible or clearly erroneous;

(B) the registered person was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation, or conversion of funds; or

(C) the claim, allegation, or information is false.

(2) If the expungement relief is based on judicial or arbitral findings other than those described above, NASD, in its sole discretion and under extraordinary circumstances, also may waive the obligation to name NASD as a party if it determines that:

(A) the expungement relief and accompanying findings on which it is based are meritorious; and

(B) the expungement would have no material adverse effect on investor protection, the integrity of the CRD system, or regulatory requirements.

(c) For purposes of this rule, the terms "sales practice violation," "investment-related," and "involved" shall have the meanings set forth in the Uniform Application for Securities Industry Registration or Transfer ("Form U4") in effect at the time of issuance of the subject expungement order.

Amended by SR-NASD-2003-200 eff. April 12, 2004.
Adopted by SR-NASD-2002-168 eff. April 12, 2004.

Selected Notice to Members: 04-16.

<< Previous                                                                                                    Next

©2007 FINRA. All rights reserved.

# Exhibit C

FAX NO. 6142686089                    P. 02

June 29, 2007

**RECEIVED**

**JUL 1 8 2007**

Johnstown Compliance

To Whom It May Concern:

I have been with MetLife since late 1995 early 1996. Mr. Skaool came to my house after discussing my needs, advised me to transfer my Exxon Stock into Mutual Funds. I did not want to be in anything that would cause me to be at too great a risk. I was very happy with my portfolio under Mr. Skacol. When he retired I was in limbo for a while, then Mr. Rousseaux came along. He talked me into going with him. He advised me to change and go for a Preference Plus Select Annuity. I did not realize that I would be getting out of Mutual Funds. He kept telling me that I would be entering a contract that would guarantee a minimum balance that I could not loose; at that time I signed a paper liquidating my mutual fund portfolio to fund this new annuity contract. He talked me into receiving less money monthly, with no taxes withdrawn monthly. He said money would be left in a special account that I could draw against at tax time to pay taxes. I was told if I signed now I would have THREE days to rescind the contract.

The next day after talking with a friend I decided to call Mr. Rousseaux to sit down with him again because I was uncomfortable and did not understand how the contract worked. Upon reaching Mr. Rousseaux he said he was at the airport getting ready to board a plane to Bermuda? I was told that he would be gone and when he got back I could get together with him and change my present contract at that time. "*Our three days were up!!!* I never heard from him again until he called to ask me to leave MetLife and go with him to a new location.

I called again to complain and was told that Mr. Rousseaux did indeed leave the company. I was put in touch with Mr. Shaw. When I met with Mr. Shaw, I was told that I was locked into a seven year contract that I could not get out of. I called MetLife again and found that Mr. Shaw had also left MetLife.

I was then given another name. Mike Havlik. Upon meeting with Mr. Havlik he went over my portfolio and explained that I was no longer in Mutual Funds. I was never given a prospectus for the annuity nor did Mr. Rousseaux explain the fees and surrender charges associated with the annuity. I was also mislead as to the protection benefits of the rider he recommended I purchase with the annuity and its additional cost.

I am unhappy with this lack of disclosure and wish to transfer my funds back to the mutual funds portfolio with MetLife Securities. Due to this high pressure sales technique of Mr. Rousseaux and the non-disclosure of expenses, I would like the surrender charges waived.

Sincerely,

Star Harrell

SH/jf

500 Schoolhouse Road
Johnstown, PA 15904

# MetLife Securities

Mary Ann Bowen
Consultant
814-269-8253
814-289-8250

July 24, 2007

STANLEY HARRELL
8437 JOPENDA DRIVE
ELLICOTT CITY MD 21043-6642

Reference:   07200071115
Contract:    550 120 278

Dear Mr. Harrell

This is in response to your letter dated June 29, 2007 and will supplement my
previous correspondence dated July 19, 2007.

We have thoroughly reviewed your concerns and contract records. Although we are
unable to make any adjustments to your contract, please allow me to review some
pertinent information with you.

Contract 550 120 278 was issued on September 13, 2004 as Preference Plus
Select (PPS) variable annuity. Our PPS is offered in several variations, which we
call classes. Each class offers you the ability to choose certain features and
benefits available to all the variable annuities, and also allows you to select
optional benefits based on your needs. The account application that was signed by
you indicated that the B Plus Class was chosen. The B Plus Class has a declining
seven-year withdrawal charge on each purchase payment. Your contract and the
prospectus that you received included a table and explanation of the withdrawal
charges.

I have enclosed a copy of the Bonus Annuity Disclosure Form that you signed. By
signing the form, you acknowledged that you were provided with the appropriate
Preference Plus Select prospectus, the prospectuses for the funding options, and a
copy of the disclosure form for your records.

Generally, after the first policy year, you may withdraw up to 10% of your total
purchase payments without a withdrawal charge. This 10% total withdrawal may be
taken in an unlimited number of partial withdrawals during that contract year. During
the first contract year, however, withdrawals of 10% of your purchase payment are
available only through the Systematic Withdrawal Program. Other withdrawals may
be subject to withdrawal charges. Earnings are free from withdrawal charges at any
time. Withdrawal charge will not be assessed against earnings withdrawn from the
Contract. The earnings are equal to the Contract Value minus the remaining
Purchase Payments in your Contract.

On August 19, 2004 you signed a Transfer Order requesting the transfer and liquidation of your State Street Research funds. Sell confirmation statements would have been mailed to your address of record. I have enclosed a copy of the form for your review.

On August 19, 2007 you signed Annuity Replacement and Transfer Disclosure Form, this form indicated that the number of years you may be subject to a withdrawal chare is 7 years with a withdrawal charge of 9% in year 1.

Contract 550 120 278 contains an optional benefit, The Predictor$^{SM}$ Guaranteed Minimum Income Benefit (GMIB), which guarantees a stated income payment during the pay-out phase of your deferred annuity. This benefit may be exercised no later than the contract anniversary date after your 85th birthday or after you have owned your contract for 10 years. The Predictor provides you with a guaranteed fixed income based on the higher of a 5% Annual Increase or the Highest Account Balance. When you applied for the annuity, you were given a prospectus that included detailed information regarding surrender charges as well as other relevant facts about your purchase. Additional provisions of this benefit are outlined in your prospectus.

When you received the contract, you had the 30-Day Right to Examine, this stated that you could have returned your contract to us at our designated office or to the person through whom you purchased it within 30 days from the date you receive it. If you would have returned it within the 30-day period, your contract would have been canceled from the contract ate. On variable contracts, we would have refunded your account balance plus any fees and charges deducted from the gross amount paid. However after this period expires, all of the contract's provisions are in effect.

If you have any further questions or concerns, you may write to me at the above address or contact me directly at 814-269-8253.

Sincerely

Mary Ann Bowen
Corporate Customer Relations

Securities products and investment advisory services offered by MetLife Securities, Inc.
(NASD/SIPC) and a registered investment advisor. New York, NY 10166

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS:      220 West Broadway
MAILING ADDRESS:     220 West Broadway
CITY AND ZIP CODE:   San Diego, CA 92101
BRANCH NAME:         Central
TELEPHONE NUMBER: (619) 531-3800

PLAINTIFF(S) / PETITIONER(S):      Allison Paige Hood

DEFENDANT(S) / RESPONDENT(S):


PETITION OF HOOD

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: |
|---|---|
| | 37-2007-00072662-CU-PT-CTL |

Judge:                                              Department: C-25

COMPLAINT/PETITION FILED: 08/10/2007


**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

COMPLAINTS: Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

SDSC CIV-721 (Rev. 11-06)                    NOTICE OF CASE ASSIGNMENT                    Page: 1

**PROOF OF SERVICE**

I, Pamela R. Saunders, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is One Montgomery Street, San Francisco, California, 94104, in said County and State. On the date indicated below, I served the within:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (FEDERAL QUESTION)**

by placing a true copy thereof in an envelope addressed to each of the persons named below at the address shown:

Erwin J. Shustak
Arian A. Baryalai
SHUSTAK & PARTNERS, P.C.
401 West "A" Street, Suite 2330
San Diego, CA 92101
Tel:    619-696-9500
Fax:    619-615-5290
*Attorneys for Petitioner PHILIPPE A.*
*ROUSSEAUX*

☒    **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above, on the date shown below. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **BY OVERNIGHT DELIVERY:** I placed a true copy in a sealed envelope addressed as indicated above, on the date shown below. I am familiar with Gibson, Dunn & Crutcher's practice in its above-described San Francisco office for the collection and processing of correspondence for distributing by Federal Express, UPS, and/or U.S. Postal Service Overnight Mail; pursuant to that practice, envelopes placed for collection at designated locations during designated hours are deposited at the respective office that same day in the ordinary course of business.

☐    **BY PERSONAL SERVICE :** I placed a true copy in a sealed envelope addressed to each person[s] named at the address[es] shown and giving same to a messenger for personal delivery before 5:00 p.m. on the date shown below; OR ☐ I personally served the document[s] by personally handing the sealed envelope[s] to each person[s] indicated above.

☐    **BY FACSIMILE:** From facsimile machine telephone number (415) 986-5309, on the date shown below, I caused to be served a full and complete copy of the above-referenced document[s] by facsimile transmission to the person[s] at the number[s] indicated.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Certificate of Service was executed by me on October 15, 2007, at San Francisco, California.

_____
Pamela R. Saunders

Gibson, Dunn &
Crutcher LLP

JS44
(Rev. 117/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

FILED

2007 OCT 15  PM 12: 10

BY FAX

SOUTHERN DISTRICT COURT
DISTRICT OF CALIFORNIA

_____ DEPUTY

'07 CV 1986   JLS CAB

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| PHILIPPE A. ROUSSEAUX | FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC. |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED  BALTIMORE PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___SO___ (IN U.S. PLAINTIFF CASES ONLY)  NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)  SHUSTAK & PARTNERS, P.C. Erwin J. Shustak 401 West "A" St., Ste. 2330 San Diego, CA 92101 | ATTORNEYS (IF KNOWN)  GIBSON, DUNN & CRUTCHER, LLP Ethan D. Dettmer / Rebecca Justice Lazarus One Montgomery Street San Francisco, CA 94104 |

**II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)**

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)**
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

28 U.S.C. section 1441

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury-Medical Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | 430 Banks and Banking |
| 140 Negotiable Instruments | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | 820 Copyrights | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment &Enforcement of Judgment | 330 Federal Employers' Liability | | 640 RR & Truck | 830 Patent | 460 Deportation |
| 151 Medicare Act | 340 Marine | **PERSONAL PROPERTY** | 650 Airline Regs | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | **SOCIAL SECURITY** | 810 Selective Service |
| 153 Recovery of Overpayment of Veterans Benefits | 350 Motor Vehicle | 371 Truth in Lending | 690 Other | 861 HIA (1395ff) | 850 Securities/Commodities Exchange |
| 160 Stockholders Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | **LABOR** | 862 Black Lung (923) | 875 Customer Challenge 12 USC |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | 864 SSID Title XVI | 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 730 Labor/Mgmt. Reporting & Disclosure Act | 865 RSI (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence Habeas Corpus | 740 Railway Labor Act | **FEDERAL TAX SUITS** | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment | 530 General | 790 Other Labor Litigation | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 535 Death Penalty | 791 Empl. Ret. Inc. Security Act | 871 IRS - Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Tort to Land | 444 Welfare | 540 Mandamus & Other | | | 950 Constitutionality of State |
| 245 Tort Product Liability | 440 Other Civil Rights | 550 Civil Rights | | | 890 Other Statutory Actions |
| 290 All Other Real Property | | 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

- [ ] 1 Original Proceeding
- [X] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | [ ] CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ under $10,000 | Check YES only if demanded in complaint: JURY DEMAND: [ ] YES [X] NO |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY (See instructions):  JUDGE | | Docket Number |
|---|---|---|

DATE October 15, 2007

SIGNATURE OF ATTORNEY OF RECORD

PAID $350  10/15/07  BH RCPT# 143500

Ethan D. Dettmer

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44**

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should completed the form as follows:

I.(a) Plaintiffs - Defendants. Enter names (last, first, middle intitial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giveing both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c) Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place the "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, it officers or agencies, place an X in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

V. Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action , in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI. Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.
(rev. 07/89)

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 143500     — BH
* * C O P Y * *
October 15, 2007
12:16:54

## Civ Fil Non-Pris
USAO #.: O7CV1986 CIVIL FILING
Judge..: JAMES F STIVEN
Amount.:                    $350.00 CK
Check#.: BC# 63934


## Total—>   $350.00


FROM: CIVIL FILING
      ROUSSEAUX V. FINANCIAL IND. RE